## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

WILLIAM FLAX,                          :
                                       :
                    Plaintiff,         :
                                       :
         v.                            :    Civil Action No. 03-922-***
                                       :
STATE OF DELAWARE,                     :
                                       :
                    Defendant.         :

### MEMORANDUM ORDER

The Plaintiff, William C. Flax ("Flax"), is a *pro se* litigant proceeding *in forma pauperis*. He has recently filed two Motions to Appoint Counsel. (Docket Item [D.I.] 192, 218) on July 17, 2006 and January 29, 2007. Flax previously filed a motion for appointment of counsel on January 27, 2005, which was essentially denied during a teleconference on June 15, 2005. The court views the third motion for appointment (D.I. 218) to be in response to the instructions provided during the telephonic status conference that was held on January 16, 2007. Flax was advised during the teleconference and in a subsequent Order dated January 24, 2007 (D.I. 217) that he would be allowed to supplement his prior motion for counsel. Defendant was allowed to respond within the time allowed under our local rules. Defendant provided no response. For reasons contained herein, Flax's motions are denied.

A plaintiff has no constitutional or statutory right to the appointment of counsel in a civil case. *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). A court may, in its discretion, appoint counsel. 28

U.S.C. § 1915(e)(1). In particular, appointment may be appropriate "upon a showing of special circumstances indicating the likelihood of substantial prejudice" to the unrepresented party. *Tabron*, 6 F.3d at 154 (quoting *Smith-Bey v. Petsock*, 741 F.2d 22 (3d Cir. 1984). Before a court utilizes this discretion, though, it must first determine whether the plaintiff's claim has some arguable merit in fact and law. *Id.* at 155. It appears from the pleadings filed by Flax that he has not raised frivolous claims of race and disability discrimination. .

Having met this threshold issue, the factors delineated in *Tabron* to determine whether appointment of counsel is appropriate were examined. The non-exhaustive list of factors to consider are: (1) the plaintiff's ability to present his own case; (2) the complexity of the legal issues; (3) the extensiveness of the factual investigation necessary to effectively litigate the case and plaintiff's ability to pursue an investigation; (4) the degree to which the case may turn on credibility determinations; (5) whether the testimony of expert witnesses will be necessary; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *Id.* at 156-57; *Parham*, 126 F.3d at 457-58.

There are no circumstances in this case that make it appropriate for this Court to appoint counsel for Flax at this time. Thus far, Flax has done a more than adequate job in presenting his case as evidenced from the record in this matter. He filed a comprehensive complaint and amended complaint, a number of motions with the court, including, but not limited to, a motion for default against defendant for its failure to timely answer the original complaint, which included a memorandum and a number of attachments, a motion for extension to amend the pleadings on which he was successful, motions to compel production, including against third parties under Rule 45.

2

Further, he issued a number of subpoenas for deposition and deposed a number of

witnesses and he responded to various letters filed by opposing counsel and prepared

letters to opposing counsel regarding discovery deficiencies. He responded to

discovery issued by the defense and timely filed an answering brief with an exhibit to

defendant's motion for summary judgment. The aforementioned activities were done

by Flax before the filing of his renewed motion for appointment of counsel. Moreover,

Flax did not file his initial request for appointment of counsel until January 2005,

approximately 15 months after he initiated this action and after he had filed a number of

motions and proceeded with discovery. Prior to filing this action, Flax represented

himself through the administrative process before the EEOC. As noted in *Tabron*, a

significant factor in the court's analysis is a plaintiff's ability to present his case. *Id.* at

156. Flax has shown that he understands the process and is very capable of explaining

and presenting his case.

Moreover, the legal issues involved are not sufficiently complex to warrant

appointment of counsel. Although it is not entirely clear whether the case is likely to

turn on credibility determinations, from the documents submitted by Flax it does not

appear that the only evidence to be presented to the jury will be conflicting testimony.

Although Flax argues that his ability to adequately represent himself is limited

because of expense, stamina, time spent and health reasons, his submissions to date

indicate more than adequate ability and no substantial disability in presenting his own

case. As noted by Flax, he has already deposed twelve witnesses and has taken

considerable other discovery. The court has ordered that discovery is complete and no

further discovery shall occur. Briefing on defendant's motion for summary judgment is

3

completed and the time for filing case dispositive motions has expired. Further, at least a draft of a proposed pretrial order has been prepared. *See* D.I. 178. Nothing further is expected to happen in this matter until a decision is rendered on the summary judgment motion.

Although Flax suggests that a health concern may affect his ability to adequately represent himself, the time period involved for this health problem has passed. Moreover, during that time period, Flax was actively pursuing his case.

ACCORDINGLY, IT IS HEREBY ORDERED that:

Flax's Motions to Appoint Counsel (D.I. 192, 218) are DENIED.

UNITED STATES MAGISTRATE JUDGE

April 19, 2007
Wilmington, Delaware

4