IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM C. FLAX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 03-922-GMS |
| | ) |
| STATE OF DELAWARE Division of | ) |
| Family Services, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

**I. BACKGROUND**

The plaintiff, William C. Flax ("Flax"), who proceeds *pro se*, filed this lawsuit on October 1, 2003, alleging employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5. (D.I. 2.) An amended complaint was filed on January 1, 2005, raising additional claims under 42 U.S.C. § 1981a; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112 and 12203(a); the Rehabilitation Act, 29 U.S.C. § 791; the National Labor Relations Act ("NLRA"), 29 U.S.C. § 158; and the Consumer Credit Protection Act, 15 U.S.C. § 1673 through § 1677. (D.I. 73.) On April 16, 2008, the court granted the defendant's ("the State") motion for summary judgment. (D.I. 226.) Now before the court is Flax's motion for permission which the court construes as a motion for reconsideration. (D.I. 227.) The State did not file a response inasmuch as Flax filed a notice of appeal a few days after filing the motion for reconsideration. (D.I. 231.) The United State Court of Appeals for the Third Circuit has stayed the appeal pending disposition of Flax's motion for reconsideration. (D.I. 234.)

## II. STANDARD OF REVIEW

The standard for obtaining relief under Rule 59(e) is difficult for Flax to meet. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker,* 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA,* 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

## III. DISCUSSION

Flax asks the court to allow him to cure deficiencies in claims raised under the Rehabilitation Act and the Americans with Disability Act ("ADA"). Flax specifically refers to page 17, item 4 (i.e., Rehabilitation Act) and page 29, item 2 (i.e., ADA) of the Court's April 16, 2008 memorandum. He further asks that he be allowed to cure deficiencies in arguments raised

on the issues of prima facie claims and retaliation.

Flax provides no valid reason for the court to reconsider its April 16, 2008 ruling. As far back as September 20, 2006, Flax was advised by the court that the deadline to amend had passed, and in fairness, the court could not allow Flax to amend. (D.I. 226, at 17-18.) Moreover, the court thoroughly analyzed Flax's claims and provided detailed findings for its rulings on the various issued raised by Flax. There is no need to correct a clear error of law or fact or to prevent manifest injustice. Flax has not demonstrated any of the grounds necessary to warrant reconsideration and, therefore, his motion will be denied.

NOW THEREFORE, at Wilmington this 2nd day of July, 2008, IT IS HEREBY ORDERED that the Motion for Reconsideration (D.I. 227) is **DENIED**.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

**FILED**

JUL - 2 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE